Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2286 | **DATE** | 10/25/2012 |
| **CASE TITLE** | Beardsley vs. Casey et. Al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to appeal *in forma pauperis* (case no. 12-3227) is denied without prejudice. The Court grants Plaintiff 14 days to re-file a complete and accurate financial affidavit and motion for appeal to proceed *in forma pauperis*. If Plaintiff fails to do so, the Court will dismiss Plaintiff's motion with prejudice.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Anna Beardsley ("Plaintiff" ) filed a notice of appeal and moved for leave to proceed *in forma pauperis*. For the following reasons, Plaintiff's motion is denied.

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915 sets forth two grounds for denying *in forma pauperis* status to an appellant: 1) the appellant fails to establish indigence; or 2) the appeal is in bad faith *See* 28 U.S.C. § 1915(a)(3); 28 U.S.C. § 1915 (e)(2)(A).

Plaintiff filed her first motion to proceed *in forma pauperis* on August 21, 2012. However, unbeknownst to Plaintiff this motion was actually an application and a financial affidavit to proceed *in forma pauperis* in the district court, not the appropriate form for an appeal to the Seventh Circuit. In addition to this deficiency, Plaintiff also failed to completely fill out the application and affidavit. Specifically, Plaintiff neglected to indicate whether or not she was married, and failed to indicate if her spouse was employed.

Because of these deficiencies, on September 5, 2012, the Court directed Plaintiff to re-file her application to appeal *in forma pauperis* on the correct form and with the correct information. On September 28, 2012, Plaintiff re-filed her motion to proceed *in forma pauperis* using the appropriate form. However, after reviewing this motion, the Court finds Plaintiff again failed to provide sufficient information for the Court to make an accurate determination of Plaintiff's current financial status. For example, in her affidavit, Plaintiff avers that on June 30, 2011 she was self-employed and had a gross monthly pay of $833.00. Yet, in a separate section requesting Plaintiff to list her income for the last 12 months Plaintiff writes, "N/A." Moreover, Plaintiff indicates she owns a 1997 Lexus and she does not have any rental or mortgage obligations. Because of this, the Court is unable to determine whether Plaintiff qualifies for pauper status.

In addition to this issue, the Court is unable to determine whether Plaintiff's appeal is taken in good faith.

| STATEMENT |
|---|
| Plaintiff contends that her issues on appeal are that "the facts were not brought to bear." Pl.'s Aff. for Permission to Appeal *In Forma Pauperis* at 1. The Seventh Circuit has stated, a plaintiff who files a notice of appeal "without offering any argument to undermine the district court's conclusion is taken in bad faith." *Celske v. Edwards*, 164 F.3d 396, 397 (7th Cir. 1997). Thus, the Court is unable to determine whether Plaintiff claim on appeal is one that "a reasonable person could suppose to have merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).<br><br>Therefore, the Court denies Plaintiff's motion to proceed *in forma pauperis* without prejudice. The Court grants Plaintiff 14 days to re-file a complete and accurate financial affidavit which specifically states her issues on appeal. If Plaintiff fails to adhere to these instructions, the Court will dismiss Plaintiff's motion to appeal *in forma pauperis* with prejudice. |