```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

ANNA BEARDSLEY,

        Plaintiff,

    v.

OFFICER CASEY, OFFICER BOWMAN,
OFFICER SWIERCZYNSKI, and the
VILLAGE OF RIVER FOREST,

        Defendants.

Case No. 11 C 2286

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, the Court grants in part and denies in part Defendants' Bill of Costs.

### I.    BACKGROUND

On April 4, 2011 Plaintiff Anna Beardsley ("Plaintiff") filed a Complaint against the Village of River Forest, and Police Officers Casey, Bowman, and Swierczynski (collectively, the "Defendants"). In it, Plaintiff alleged an excessive force claim against the three Officer Defendants (Count I), a battery claim against the three Officer Defendants (Count II), an intentional infliction of emotional distress claim against the three Officer Defendants (Count III), and a claim against the Village of River Forest under the Local Governmental and Governmental Employees Tort Immunity Act under 745 ILL. COMP. STAT. 10/9-102 (Count IV).

Ultimately, the case proceeded to trial on Plaintiff's Section 1983 excessive force claim (Count I). On July 26, 2012, the jury returned a verdict in favor of all three Defendants.

On August 23, 2012, Defendants filed their Bill of Costs pursuant to Fed. R. Civ. P. 54(d) and Local Rule 54.1. These rules permit recovery for the litigation costs specified in 28 U.S.C. § 1920.

On September 5, 2012, the Court granted Plaintiff thirty (30) days to respond to Defendants' Bill of Costs. [See Dkt. 70]. To date, Plaintiff has failed to file a response.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Specifically, the recoverable costs include:  (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies; (5) docket fees under section 1923; and (6) compensation of court appointed experts, interpreters, and costs of special interpretation services under section 1828 of this title.  28 U.S.C. § 1920.

While Rule 54(d) provides a strong presumption that the prevailing party will recover costs, the "court must review a proposed bill of costs 'in scrupulous detail.'" *Shah v. Vill. of*

*Hoffman Estates*, No. 00 C 4404, 2003 WL 21961362, at *1 (N.D. Ill. Aug. 14, 2003). The claimed expenses must be "reasonable, both in amount and necessity to the litigation." *Id.* The Court is vested with wide discretion to determine whether and to what extent costs may be awarded to the prevailing party. *Blackwell v. Kalinowski,* No. 08 C 7257, 2011 WL 3555770, at *1 (N.D. Ill. Aug. 11, 2011). The losing party has the burden of showing that the claimed costs are not appropriate. *Id.*

### III. DISCUSSION

While Plaintiff failed to object to any of the Defendants' claimed costs, Defendants are not automatically entitled to their submitted costs. Instead, the Court may only impose costs upon the Plaintiff if Defendants show that their expenses are reasonable, "both in amount and necessity to the litigation." *Harkins v. Riverboat Serv., Inc.*, 286 F.Supp.2d 976, 979 (N.D. Ill. 2003).

Defendants seek a total of $7,459.60 in costs. Specifically, Defendants request: (1) $3,543.10 in costs for court reporter services and transcripts; (2) $264.99 in costs for witnesses; and (3) $3,651.51 in costs for exemplification and copy costs.

#### A. Transcript and Deposition Costs & Court Reporter Appearance Fees

Defendants seek $3,543.10 in transcript costs and court reporter appearance fees. Defendants have provided the Court supporting invoices for all these expenses.

"Deposition and transcript costs are recoverable where the deposition was reasonably necessary at the time the deposition was taken in light of the facts known at the time." *Kaplan v. City of Chicago*, No. 05-C-2001, 2009 WL 1940789 at *4 (N.D. Ill. July 6, 2009). Courts in this district have found court reporter attendance fees ranging from $35.00 to $95.00 per hour to be reasonable for court reporters. *See Manson v. City of Chicago*, 825 F.Supp.2d 952 (N.D. Ill. Nov. 10, 2011). However, "[c]osts incurred merely for the convenience of the prevailing party may not be recovered." *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 750 F.Supp.2d 962, 969 (N.D. Ill. 2010). The prevailing party has the "burden of demonstrating the amount of recoverable costs." *Id.*

Under Local Rule 54.1(b), "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States in effect at the time the transcript or deposition was filed . . . " L.R. 54.1(b). When the depositions at issue were filed, the copy rate established by the Judicial Conference for regular original deposition transcripts was $3.65. *See, http://www.ilnd.uscourts.gov/home/clerksoffice/ CLERKS_OFFICE/CrtReporter/trnscrpt.htm*

The Court finds that Defendants have satisfied their burden with regard to these requests. Defendants submitted invoices for the court reporter fees for the depositions of Anne Sarpy, Robert June, David Bochenek, and Plaintiff. The court reporter fees for all of these depositions range from $50.00 - $70.00, (within the

permissible range) and as such, the Court grants Defendants $1,996.75 in costs for court reporter fees. [*See* Dkt. 68-2].

The Court also finds the majority of the invoices Defendants submitted for its transcript costs reasonable. Defendants submitted the invoices for the deposition transcripts of Defendant Officers Casey, Swierczynski, and Bowman, and all of these invoices are within the copy rate established by the Judicial Conference.

However, the Court finds the invoice Defendants submitted for Anne Sarpy's condensed transcript exceeds the allowable rate. *See*, Dkt. 68-2, page ID #359. The invoice appears to charge $5.50 per page for a condensed, ASC II transcript. Costs for condensed transcripts are not recoverable. *Winery v. City of Chicago*, No. 96-C-1208, 2000 WL 1222152, at *2 (N.D. Ill. Aug. 22, 2000). Thus, the Court deducts $528.00 from Defendants requested fees and awards Defendant a total of $3,015.10 in transcript and court reporter appearance fees.

### B. Witness Fees

Defendants seek $264.99 in witness fees. Attached with Defendants' Bill of Costs is the necessary documentation for such fees. Included in these costs are the subpoena fees for Defendants' witnesses.

Pursuant to 28 U.S.C. § 1821, a witness shall be paid an attendance fee of $40.00 per day. 28 U.S.C. § 1821(b). In addition, a witness is entitled to compensation for mileage traveled. 28 U.S.C. § 1821(c)(2). Compensation for mileage

traveled is made on the basis of a rate established by the Administrator of General Services. *Id.* Currently, this rate is $0.55 per mile. 41 C.F.R. § 301-10.303. The Court has reviewed Defendants' requests for witness subpoena fees and mileage traveled and finds them reasonable, and accordingly awards Defendants $264.99 in costs for such fees.

### C. Exemplification and Copying Costs

Defendants seek $3,651.51 in copying and exemplification costs. Defendants have included in this portion of the bill the fees they incurred for copying Plaintiff's medical records and the subpoena service fees associated with such medical records. This portion of the bill for exemplification costs totals $1,686.81. After examining the invoices Defendants submitted, the Court finds these records were both reasonable and necessary in light of Plaintiff's excessive force claim, and as such, awards Defendants these costs. *See Tumas v. Board of Educ. of Lyons Tp. High School*, No. 06-C-1950, 2008 WL 611601, at *2 (N.D. Ill. Feb. 9, 2008) (awarding expenses for photocopying medical records where prevailing party tendered invoices from the medical service provider).

The remaining costs Defendants seek to be reimbursed for include $1,964.70 for copies of court transcripts Defendants requested from Plaintiff's criminal case. "Transcripts of court proceedings are recoverable if necessarily obtained for use in a case." *Askew v. City of Chicago*, No. 04-C-3863, 2006 WL 1005167 at

*2 citing *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). While transcripts may not be taxed if they were obtained for attorney convenience, use of testimony from a transcript is not a prerequisite to an award of costs. *Id.*

As an aside, the Court points out that this portion of Defendants' bill would more appropriately be included in the section of the bill which seeks transcripts and depositions costs. Notwithstanding this, the Court addresses the reasonableness of Defendants' request.

The invoices Defendants submitted for the costs of the transcripts from Plaintiff's criminal trial establish that Defendants were charged a rate of $3.15 per page for 206 pages of court transcripts. The Court finds such an amount reasonable in light of the rate established by the Judicial Conference and as such awards Defendants $648.90 for the costs of the transcript in Plaintiff's criminal trial.

The remaining $1,126.80 in copying costs for which the Defendants seek to be reimbursed is unclear. After examining Defendants' submissions, it appears that Defendants paid three different court reporters over $600.00 each for the copies of Plaintiff's criminal trial transcripts. Based on Defendants' submissions, the Court is unable to discern whether these costs were reasonable and necessary or are duplicative of the $648.90 charge Defendants incurred for the copies of the transcripts. Accordingly, the Court refuses to award Defendants this additional

sum and instead awards Defendants $2,335.71 for its copying and exemplification costs.

### IV. CONCLUSION

For the reasons stated herein, the Court awards Defendants the sum of $5,615.80 in costs.

**IT IS SO ORDERED.**

                                          Harry D. Leinenweber, Judge
                                          United States District Court

**DATE:** 12/20/2012